The Honorable Barbara J. Rothstein

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

10431 AVONDALE ROAD NE LLC,

    Plaintiff,

v.

COMCAST CABLE COMMUNICATIONS, LLC, *et al.*,

    Defendants.

NO. 25-cv-1557-BJR

**ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER**

In their efforts to seek judicial relief, the parties in this action have created an unnecessarily complex set of cases in both state court and federal court. Plaintiff, 10431 Avondale Road NE LLC ("Avondale"), filed two separate cases in King County Superior Court against Defendants, Comcast Cable Communications, LLC, and Comcast Cable Communications Management, LLC, ("Comcast"), relating to a dispute over easement rights. *See* Removal Notice ¶ 9, ECF No. 1. Comcast filed counterclaims in both cases. *Id.* ¶¶ 13, 28-29. Avondale subsequently voluntarily dismissed its claims in both state court cases. *Id.* ¶¶ 14, 30. On August 15, 2025, Avondale filed a new case in this Court against Comcast (2:25-cv-01557-BJR). *Id.* ¶ 31. On the same day, Avondale removed one of the cases (23-2-12790-1 SEA) from King County Superior Court, and it has become

ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER

- 1

this federal action. *Id.* ¶ 6. Comcast filed a motion to remand this case back to state court,[1] and they have continued to make filings in the non-removed state court case. *See* Mot. 2, ECF No. 36. Avondale objects to Comcast's state court filings, asserting that the state court lacks jurisdiction to consider them because the state court cases were consolidated before this case was removed. *Id.*

Currently pending before the Court is Avondale's motion for a temporary restraining order to enjoin the state court proceedings relating to the removed action. Mot., ECF No. 36. Having reviewed the materials,[2] the record of the case, and the relevant legal authorities, the Court will deny the motion for a temporary restraining order. The reasoning for the Court's decision follows.

Federal Rule of Civil Procedure ("FRCP") 65(b) empowers federal district courts to issue temporary restraining orders ("TRO"). Fed. R. Civ. P. 65(b); *see also* Local Rules W.D. Wash. LCR 65(b).

To obtain a TRO, the movant must "meet the standards for issuing a preliminary injunction." *Navigant Consulting, Inc. v. Milliman, Inc.*, No. 18-1154, 2018 WL 3751983, at *3 (W.D. Wash. Aug. 8, 2018). Under the well-known standard articulated in *Winter v. National Resources Defense Council*, movants must show that (1) they are likely to succeed on the merits of their claims, and (2) they will suffer irreparable harm in the absence of injunctive relief. 555 U.S. 7, 20 (2008). Movants must also show that the balance of equities tips in their favor and the injunction is in the public interest. *Id.* The Ninth Circuit employs a "sliding scale" approach, according to which these elements are balanced, "so that a stronger showing of one element may offset a weaker showing of another." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011).

---

[1] The Court notes that Defendants' motion to remand the removed action back to state court is not yet ripe for decision. Mot. Remand, ECF No. 28.

[2] Including the motion, ECF No.36, and Defendants' response in opposition, ECF No. 41.

ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER

- 2

1        This Court finds that Avondale has failed to satisfy the *Winter* standard. Avondale correctly

2 states, and Comcast agrees, that the state court loses jurisdiction over a case once it has been

3 removed to federal court. Mot. 2; Opp'n 6; *see* 28 U.S.C. § 1446 (d) ("[T]he State court shall

4 proceed no further unless and until the case is remanded."). But Comcast explains that it filed a

5 motion in the non-removed case for reconsideration of the dismissal "without prejudice," asking

6 that dismissal in that case be "with prejudice." Opp'n 5. Avondale appears to argue that since the

7 state court cases had been consolidated before removal, Comcast's filings are equivalent to filings

8 in the removed case. *See* Mot. 12-16. But Avondale clearly stated in its removal notice that

9 "removal is only sought for Case No. 23-3-12790-1 SEA." ECF No. 1 at ¶ 9.

10       Further, Avondale fails to show how the activity in the non-removed case subverts the

11 purposes of the removal statute, such that this Court would be justified in enjoining the proceedings.

12 *See Quackenbush v. Allstate Ins. Co.*, 121 F.3d 1372, 1378 (9th Cir. 1997). This Court's jurisdiction

13 is not undermined by the objected-to filings.

14       More importantly, Avondale fails to make a clear showing of irreparable harm in the

15 absence of injunctive relief. Indeed, it has not shown how it will be harmed in any way by the

16 proceedings in the non-removed case. As such, there is no immediate relief required. Certainly,

17 there is no clear showing of harm that would justify the extraordinary remedy that Avondale seeks

18 by asking this Court to enjoin the state court from entering orders, requesting briefing, or taking

19 any action related to the removed proceeding.

ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER

- 3

Accordingly, Avondale's motion for a temporary restraining order is DENIED. This Court will rule on Comcast's remand motion in due course.

DATED this 20th day of October 2025.

*Barbara J. Rothstein*

Barbara Jacobs Rothstein
United States District Judge

ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER

- 4