The Honorable Barbara J. Rothstein

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

10431 AVONDALE ROAD NE LLC,

    Plaintiff,

v.

COMCAST CABLE COMMUNICATIONS, LLC, *et al.*,

    Defendants.

NO. 25-cv-1557-BJR

**ORDER GRANTING MOTION FOR REMAND**

## I. INTRODUCTION

In their efforts to seek judicial relief, the parties in this action have created an unnecessarily complex set of cases in both state court and federal court. Plaintiff, 10431 Avondale Road NE LLC ("Avondale"), filed two separate cases in King County Superior Court against Defendants, Comcast Cable Communications, LLC, and Comcast Cable Communications Management, LLC, ("Comcast"), relating to a dispute over easement rights. *See* Removal Notice ¶ 9, ECF No. 1. Comcast has filed counterclaims in both cases. *Id.* ¶¶ 13, 28-29. Avondale subsequently voluntarily dismissed its claims in both state court cases, leaving only Comcast's counterclaims. *Id.* ¶¶ 14, 30. Then, on August 15, 2025, Avondale filed a new case in this Court against Comcast (2:25-cv-01553-BJR). *Id.* ¶ 31. On the same day, Avondale removed one of the cases (23-2-12790-1 SEA)

ORDER GRANTING MOTION FOR REMAND

- 1

from King County Superior Court, and it has become this federal action. *Id.* ¶ 6. Currently pending before the Court is Comcast's motion to remand this case back to King County Superior Court. Mot., ECF No. 28. Having reviewed the materials,[1] the record of the case, and the relevant legal authorities, the Court will grant Comcast's motion and remand this case. The reasoning for the Court's decision follows.

## II. BACKGROUND

Avondale is a Washington limited liability company with its owners residing and doing business in Washington. Removal Notice ¶ 10, ECF No. 1 Comcast is a multinational telecommunications company domiciled in Delaware with headquarters and a principal place of business in Philadelphia, Pennsylvania. *Id.* Avondale first sued Comcast in July 2023, asserting various Washington-state-law claims that challenged a residential easement and shared driveway access that supported a Comcast communications hub. *Id.* ¶ 11; Mot. 2 (citing the record Vol. I,[2] ECF No. 8, at 3-24). Comcast responded with state-law counterclaims for easement by estoppel, reformation, and an injunction. *Id.* (citing the record Vol. II, ECF No. 9, at 1423-30). The case saw a flurry of motions, and several of Avondale's claims were dismissed on summary judgment in October 2024. *Id.* at 2-3.

On May 5, 2025, Avondale filed a second nearly identical case in Washington state court, omitting the claims that had been disposed of on the merits in the first case. *Id.* at 3 (citing the record Vol. III, ECF No. 10, at 204-62; Vol. X, ECF No. 17, at 134-39); Removal Notice ¶ 26. And shortly after, on May 19, 2025, just four days before a hearing on Comcast's second

---

[1] Including the motion, ECF No.28, Avondale's response in opposition, ECF No. 35; Comcast's reply, ECF No. 44; and the Notice of Removal, ECF No. 1. The Court also considered Plaintiff's motion for leave to file supplemental briefing, ECF No. 47, and Comcast's response, ECF No. 50.
[2] The State Court Record contains 14 volumes, I to XIV, filed at ECF Nos. 8-21.

ORDER GRANTING MOTION FOR REMAND
- 2

dispositive motion in the first case, Avondale voluntarily dismissed all its claims in the first case. *Id.* (citing the record Vol. X at 295-97, 314-16); Removal Notice ¶ 14. At that point, only Comcast's counterclaims against Avondale remained in the first case. *Id.*

Because there were then two cases in the same court involving the same parties with common facts and legal issues, the state court consolidated Comcast's counterclaims from the first case with Avondale's claims in the second case. Mot. 3 (citing the record Vol. XI, ECF No. 18, at 178-86). Comcast was granted leave to amend its counterclaims, and it filed its Second Amended Counterclaims on August 5, 2025. *Id.* On August 14, 2025, Avondale voluntarily dismissed its claims in the second state court case. *Id.* (citing the record Vol. XI at 209-11, 212-14). On the same day, Avondale re-filed those same claims from the second case in this Court as a new federal case (*see* Civil Case No. 25-1553-BJR) and removed to this Court the first state court case, which contains Comcast's state-law counterclaims (*see* Removal Notice 1-4, 9). In its removal notice, Avondale states that the two federal cases should be consolidated into one action. Removal Notice ¶ 32.

Comcast now seeks to remand this removed case as improperly removed. Mot. 1.

### III.   LEGAL STANDARD

Under 28 U.S.C. § 1441, a defendant may remove from state court any civil action over which a federal court would have original jurisdiction. 28 U.S.C. § 1441(a). Pursuant to 28 U.S.C. § 1447, a plaintiff may then seek to remand such an action to state court on the basis that removal was improper. 28 U.S.C. § 1447(c).

Removal requirements should be strictly construed. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). A removing party bears the burden of establishing federal jurisdiction and must

ORDER GRANTING MOTION FOR REMAND

- 3

overcome a "strong presumption" against removal. *Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 685 (9th Cir. 2006); *Gaus*, 980 F.2d at 566. Federal jurisdiction "must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus*, 980 F.2d at 566. "[T]he court resolves all ambiguity in favor of remand to state court." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (citing *Gaus*, 980 F.3d at 566). If at any time before final judgment it appears that the federal district court lacks subject matter jurisdiction, "the case shall be remanded" to state court. 28 U.S.C. § 1447(c); *see also Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996).

## IV. DISCUSSION

Avondale removed this case to this Court pursuant to 28 U.S.C. §§ 1331, 1332, 1367, 1441, and 1446. Removal Notice 1. Avondale represents that there are two grounds for removal, federal jurisdiction and diversity jurisdiction, and contends that, although it was the original plaintiff in the state court action, it should now be deemed the defendant in this action. Removal Notice ¶¶ 33-37. Comcast argues that Avondale failed to timely remove within the thirty-day removal window, there is no federal question jurisdiction, and there is no diversity jurisdiction because Comcast is the proper defendant. Mot. 7-8. The Court will first address whether Avondale has the right to remove this case from state court to federal court given that it was originally the plaintiff in the case.

Removal is governed by the general removal statute, 28 U.S.C. § 1441(a), which provides:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by *the defendant or the defendants*, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a) (italics added). Further, the statute containing the procedure for removal of civil actions refers only to defendants, stating, initially:

ORDER GRANTING MOTION FOR REMAND

- 4

> *A defendant or defendants* desiring to remove any civil action from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such *defendant or defendants* in such action.

28 U.S.C. § 1446(a) (italics added). The remaining requirements also refer only to a defendant or defendants' removal actions. *Id.* §§ 1446 (b)-(d). The only reference to a counterclaim specifically refers to section 337(c) of the Tariff Act of 1930, which is not relevant here.

As the unambiguous language of these statutes dictates, only defendants have the right to remove an action from state court. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 104-09 (1941) (concluding that Congress intended to limit the right to remove an action to only defendants and that a suit containing a counterclaim is not removable by a plaintiff); *Oregon Egg Producers v. Andrew*, 458 F.2d 382, 383 (9th Cir. 1972) ("A plaintiff who commences his action in a state court cannot effectuate removal to a federal court even if he could have originated the action in a federal court and even if a counterclaim is thereafter filed that states a claim cognizable in a federal court."); *In re Hartford Litig. Cases*, 642 F. App'x 733, 736 (9th Cir. 2016) (unpublished) ("The [appellants] were plaintiffs in the state court, and therefore cannot use the removal statutes they invoke.") (citing 28 U.S.C. §§ 1441, 1443, 1446); *see also Home Depot U. S. A., Inc. v. Jackson*, 587 U.S. 435, 441 (2019) ("[Section] 1441(a) does not permit removal by *any counterclaim defendant*, including parties brought into the lawsuit for the first time by the counterclaim." (emphasis added)).

Avondale contends that when Comcast asserted new claims against it on August 5, 2025—Comcast's Second Amended Counterclaims—Avondale was effectively the defendant because it had previously dismissed all its claims against Comcast. Removal Notice ¶¶ 36-37. Avondale argues that this Court must realign the parties according to their sides in the dispute. *Id.* ¶¶ 38-45

ORDER GRANTING MOTION FOR REMAND

- 5

(citing cases). Certainly, the Court agrees that "[t]he courts, not the parties, are responsible for aligning the parties according to their interests in the litigation." *Dolch v. United California Bank*, 702 F.2d 178, 181 (9th Cir. 1983). But the cases cited by Avondale all relate to realigning parties in actions where federal jurisdiction is based on diversity. *See, e.g., Indianapolis Gas v. Chase Nat'l Bank*, 314 U.S. 63, 69 (1941) (establishing a general test for determining the appropriate alignment of parties in an action where federal jurisdiction is based on diversity). Here, the Court is not addressing diversity jurisdiction but the propriety of removal, and removal statutes are strictly construed with any doubt about the right of removal requiring resolution in favor of remand. *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009).[3]

Avondale was the party that "brought" this "civil action" in state court. 28 U.S.C. § 1441(a). It chose the forum and is bound by that choice. In *Home Depot*, the Supreme Court reasoned that 28 U.S.C § 1441(a) does not permit *any* counterclaim defendant to remove a claim filed against it because the term "defendant" refers only to the "original defendant" sued by the "original plaintiff." 587 U.S. at 437. The Court noted that this interpretation is consistent with its decision in *Shamrock Oil*, in which it held that a counterclaim defendant who was also the original plaintiff could not remove under § 1441(a)'s predecessor statute. *Id.* at 443. Both the Supreme Court and the Ninth Circuit have referred to the restriction to defendants of the right to remove a case as jurisdictional.

---

[3] The Court notes that the state court had consolidated Comcast's counterclaims from the first case with Avondale's claims in the second filed case. When Comcast filed its Second Amended Counterclaims in the first case, Avondale had not yet dismissed its claims in the second state court case. Avondale also refiled its claims against Comcast in a separate action in this Court and suggests the federal cases be consolidated. If the Court were to analyze realignment of the parties, it would find that, under the circumstances in this case, Avondale is the functional plaintiff rather than the defendant. The Court further notes that Avondale is a citizen of Washington State, which would preclude it from removing the case to this Court on diversity grounds even if the Court were to determine that Avondale is the defendant. 28 U.S.C. § 1441(b)(2); *see also Lively v. Wild Oats Markets, Inc.*, 456 F.3d 933, 939 (9th Cir. 2006) ("Sec. 1441(b) confines removal on the basis of diversity jurisdiction to instances where no defendant is a citizen of the forum state.").

ORDER GRANTING MOTION FOR REMAND

- 6

*See In re Walker*, 375 F.2d 678, 678 (9th Cir. 1967) (per curiam) ("No right exists in favor of a person who, as plaintiff, has filed an action in the state court, to cause the removal of such action to a federal court." (citing 28 U.S.C. § 1441, 1443, 1446)).

Accordingly, this Court finds that removal by Avondale was improper and will remand this case back to King County Superior Court. The Court finds it unnecessary to further discuss other arguments raised by the parties. Additionally, the Court denies Avondale's motion for leave to file a supplemental brief arguing that Comcast waived its right to remand the claims in this case based on its filing of a response in the related federal case that Avondale filed against Comcast in this Court.

Having determined to remand this case to state court, the Court considers whether to grant Comcast's request under 28 U.S.C. § 1447(c) that the Court award Comcast the fees spent on this motion. "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). Whether to award costs and expenses is in this Court's discretion, and there is no presumption either for or against such an award. *Id.* at 139. Comcast may file a motion for fees spent on this motion, including costs related to responding to the motion for leave to file a supplemental brief, and shall set forth the justification for an award of fees. The motion shall be no more than five pages, and Avondale may respond with a brief of commensurate length.

## V.  CONCLUSION

For the foregoing reasons,

1. Defendants' Motion to Remand, ECF No. 28, is GRANTED;

ORDER GRANTING MOTION FOR REMAND

- 7

2. This case is remanded to King County Superior Court;

3. Comcast may file a motion for fees related to this motion:

    a. The motion shall be no more than five pages setting forth the justification for the fees it is claiming, and it will be due no later than December 19, 2025;

    b. Avondale may respond with a brief of commensurate length no later than January 9, 2026;

    c. No reply shall be filed unless otherwise ordered.

4. Plaintiff's motion for leave to file supplemental briefing, ECF No. 47, is DENIED.

DATED this 25th day of November 2025.

*Barbara J. Rothstein*

Barbara Jacobs Rothstein
United States District Judge

ORDER GRANTING MOTION FOR REMAND

- 8