The Honorable Barbara J. Rothstein

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

10431 AVONDALE ROAD NE LLC,

    Plaintiff,

v.

COMCAST CABLE COMMUNICATIONS,
LLC, *et al.*,

    Defendants.

NO. 25-cv-1557-BJR

**ORDER GRANTING MOTION FOR ATTORNEY'S FEES**

## I.   INTRODUCTION

This case is one in a series of cases filed by Plaintiff, 10431 Avondale Road NE LLC ("Avondale"), against Defendants, Comcast Cable Communications, LLC, and Comcast Cable Communications Management, LLC, (collectively "Comcast"), relating to a dispute over easement rights. The result is an unnecessarily complex set of cases in both state court and federal court. Avondale filed two separate cases in King County Superior Court against Comcast, and in both cases, Comcast filed counterclaims. *See* Removal Notice ¶¶ 9, 13, 28-29, ECF No. 1. Avondale subsequently voluntarily dismissed its claims in both state court cases, leaving only Comcast's counterclaims. *Id.* ¶¶ 14, 30. Then, on August 15, 2025, Avondale filed a new case in this Court against Comcast (2:25-cv-01553-BJR). *Id.* ¶ 31. On the same day, Avondale removed one of the

ORDER GRANTING MOTION FOR ATTORNEY'S FEES

- 1

cases (23-2-12790-1 SEA) from King County Superior Court, and it became this federal action. *Id.* ¶ 6. The Court granted Comcast's motion to remand this case back to King County Superior Court and gave leave to Comcast to file a motion for attorneys' fees and costs related to the removal as well as for supplemental briefing initiated by Avondale during the proceedings. Remand Order, ECF No. 55. Now pending before the Court is Comcast's Motion for an Award of Attorneys' Fees and Costs Under 28 U.S.C. § 1447(c), ECF No. 58.

Having reviewed the materials,[1] the record of the case, and the relevant legal authorities, the Court will grant Comcast's motion. The reasoning for the Court's decision follows.

## II.   BACKGROUND

The detailed background of this case is complex and unnecessary to recite in order to rule on this matter. For further information, see this Court's Order granting the motion to remand in this case, ECF No. 55, and the Order granting dismissal in the related case, ECF No. 92, in 2-25-cv-1553-BJR. In brief, Avondale first sued Comcast in July 2023, asserting various Washington-state-law claims that challenged a residential easement and shared driveway access that supported a Comcast communications hub. Removal Notice ¶ 11. Comcast responded with state-law counterclaims for easement by estoppel, reformation, and an injunction. *Id.* ¶¶ 12-13.

On May 5, 2025, Avondale filed a second case in Washington state court, *Id.* ¶ 26. And shortly after, on May 19, 2025, Avondale voluntarily dismissed all its claims in the first case. *Id.* ¶ 14. At that point, only Comcast's counterclaims against Avondale remained in the first case. *Id.* On August 14, 2025, Avondale voluntarily dismissed its claims in the second state court case. *Id.* ¶ 30. On the same day, Avondale re-filed those same claims from the second case in this Court as

---

[1] Including the motion, ECF No.58, and Avondale's response in opposition, ECF No. 61.

ORDER GRANTING MOTION FOR ATTORNEY'S FEES

- 2

a new federal case (*see* Civil Case No. 25-1553-BJR) and removed to this Court the first state court case, which contained Comcast's state-law counterclaims (*see* Removal Notice 1-4, 9). Comcast sought remand, asserting that this case was improperly removed, and this Court granted Comcast's motion; this case was remanded to King County Superior Court on December 10, 2025. Remand Order; Remand Letter, ECF No. 57. In the remand order, the Court granted Comcast leave to file this motion for fees spent on the remand motion, including costs related to responding to Avondale's motion for leave to file a supplemental brief. Remand Order 7.

## III.   LEGAL STANDARD

"An order remanding the case *may* require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c) (emphasis added). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).

"[R]emoval is not objectively unreasonable solely because the removing party's arguments lack merit, or else attorney's fees would always be awarded whenever remand is granted." *Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d 1062, 1065 (9th Cir. 2008). Rather, "[t]he appropriate test for awarding fees under § 1447(c) should recognize the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party[.]" *Martin*, 546 U.S. at 140.

Whether to award costs and expenses is in this Court's discretion, and there is no presumption either for or against such an award. *Id.* at 139.

ORDER GRANTING MOTION FOR ATTORNEY'S FEES

- 3

### IV.   DISCUSSION

**A.        The propriety of a fee award**

Comcast contends that Avondale's removal was not objectively reasonable because 28 U.S.C. §§ 1441 and 1446 unambiguously limits removal relief to *defendants*. Mot. 3 (citing Remand Order at 6). Avondale argues that the removal was not clearly foreclosed, and therefore, was objectively reasonable. Opp'n 3-4. And Avondale asserts that the procedural posture at the time of removal was unusual. *Id.* at 5.[2]

This Court found that Avondale's removal was improper. Remand Order 7. Avondale was the party that "brought" this "civil action" in state court. 28 U.S.C. § 1441(a). It chose to voluntarily dismiss its claims and initiated the removal as a counter-defendant. Both the Supreme Court and the Ninth Circuit have referred to the restriction to defendants of the right to remove a case as jurisdictional. *See, e.g.*, *Home Depot U. S. A., Inc. v. Jackson*, 587 U.S. 435, 441 (2019) ("[Section] 1441(a) does not permit removal by *any counterclaim defendant*, including parties brought into the lawsuit for the first time by the counterclaim." (emphasis added)); *In re Walker*, 375 F.2d 678, 678 (9th Cir. 1967) (per curiam) ("No right exists in favor of a person who, as plaintiff, has filed an action in the state court, to cause the removal of such action to a federal court." (citing 28 U.S.C. § 1441, 1443, 1446)). The Court has determined that it was not objectively reasonable for Avondale to remove this case to federal court. Comcast, in an effort to avoid the necessity of litigating the remand motion, provided Avondale with multiple reasons why removal was not appropriate, but Avondale would not agree to remand. Mot. 3-4. Based on the circumstances of this and related

---

[2] The Court notes that Avondale also objected to the briefing limit of 5-pages and asks the Court to strike Comcast's declaration. Opp'n 2. The Court ordered Comcast to limit its brief setting forth the justification for an award of fees to 5 pages, and Comcast managed to do so. A separate declaration containing details to support the fees being requested was appropriate, and the Court will not strike it. The Court directed Avondale to limit its brief to a commensurate length, i.e., no more than 5 pages. However, Avondale's brief was over 6 pages.

ORDER GRANTING MOTION FOR ATTORNEY'S FEES

- 4

cases, the Court finds that Avondale has unnecessarily prolonged and multiplied the proceedings, which has resulted in unreasonable costs to Comcast. The Court finds that the grant of attorneys' fees and costs is consistent with the statutory purpose of an award of fees under § 1447(c).

### B.    The amount of a fee award

Comcast asks for an award of $38,917.83 for 54.9 hours of work on remand litigation, and an additional $4,000 estimated for the preparation of this fee motion. Mot. 5. Avondale argues that Comcast's fee request is excessive. Opp'n 6-7.

Comcast is requesting a "lodestar" fee, the product of the number of attorney hours reasonably expended in the litigation multiplied by the attorney's reasonable rate of hourly compensation. *Moreno v. City of Sacramento*, 534 F.3d 1106, 1111 (9th Cir. 2008). Under the lodestar method, "a district court must start by determining how many hours were reasonably expended on the litigation, and then multiply those hours by the prevailing local rate for an attorney of the skill required to perform the litigation." *Id.* The number of hours to be compensated is calculated by considering whether the time could reasonably have been billed to a private client. *Id.* (citing *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).

As a general rule, "the court should defer to the winning lawyer's professional judgment as to how much time he was required to spend on the case." *Id.* at 1112. "Although in most cases, the lodestar figure is presumptively a reasonable fee award, the district court may, if circumstances warrant, adjust the lodestar to account for other factors which are not subsumed within it." *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 978 (9th Cir. 2008) (quoting *Ferland v. Conrad Credit Corp.*, 244 F.3d 1145, 1149 n.4 (9th Cir. 2001)).

ORDER GRANTING MOTION FOR ATTORNEY'S FEES

- 5

Comcast supports its fee request with a declaration from counsel, which includes an exhibit detailing the records of hours worked. Farren Decl., ECF No. 59. The Court has reviewed the documentation and finds that the time spent, and hourly rates, are reasonable. The hours requested did not include time spent by paralegals or other professionals, which could have been reasonably included. *See Missouri v. Jenkins*, 491 U.S. 274, 277 (1989).

The records provided were detailed time entries, and the attorney's hourly rates are supported by rulings in this Court and the 9th Circuit. *See* Farren Decl. ¶ 12 (citing cases). The detailed records reveal that Comcast adjusted time spent on case issues unrelated to the remand motion or the supplemental briefing. *See* Farren Decl. Ex. B (reducing fees by $16,739.07). Finally, Comcast's estimate of $4,000 for preparation of this motion is reasonable. The Court finds no need to adjust the lodestar amount. *See Van Gerwen v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000) ("The lodestar amount is presumptively the reasonable fee amount, and thus a multiplier may be used to adjust the lodestar amount upward or downward only in rare and exceptional cases, supported by both specific evidence on the record and detailed findings . . . that the lodestar amount is unreasonably low or unreasonably high." (citations omitted)).

Accordingly, this Court will award Comcast with its requested attorney's fees of $42,917.83.

ORDER GRANTING MOTION FOR ATTORNEY'S FEES

- 6

## V.    CONCLUSION

For the foregoing reasons,

1.  Defendants' Motion for an Award of Attorney's Fees and Costs Under 28 U.S.C. § 1447(c), ECF No. 58, is GRANTED;

2.  Plaintiff shall pay the awarded amount of $42,917.83 in attorneys' fees within 15 days of the date of this Order.

DATED this 30th day of April 2026.

*Barbara J. Rothstein*

Barbara Jacobs Rothstein
United States District Judge

ORDER GRANTING MOTION FOR ATTORNEY'S FEES

- 7